IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VICTOR BRACKETT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No.: |
| V. | ) | |
| | ) | |
| THE CHILDREN'S HOSPITAL OF ALABAMA, | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT(S). | ) | |

# COMPLAINT

## JURISDICTION

1. This is a suit authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA).

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981 ("Section 1981.").

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5. Plaintiff, Victor Brackett, ("Plaintiff" or "Brackett") is a resident of Hoover, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Southern Division.

6. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

7. Defendant The Children's Hospital of Alabama ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

8. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

9. Defendant employed more than 500 employees in the year preceding the Plaintiff's termination.

## FACTS

10. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

11. Plaintiff began his employment with defendant on or about October 1, 2017, as a Behavioral Health Tech.

12. Plaintiff is a man of African ancestry.

13. Brackett is over the age of forty.

14. The Defendant terminated Brackett's employment in January 2019, under the pretext that he had become aggressive with a patient.

15. Prior to his termination, Brackett reported an incident to management regarding a nurse of European ancestry who was mimicking him in front of patients.

16. The nurse, Megan Sanders, was a woman of European ancestry and under the age of forty.

17. Brackett advised Sanders that her actions in mimicking him were inappropriate.

18. When Brackett confronted the Sanders, she became vindictive.

19. Later, Brackett was involved in an incident where a female patient was becoming aggressive and had to be restrained.

20. The Sanders did not witness the entire incident, however, she complained that Brackett was aggressive.

21. A second incident occurred, where a male patient became aggressive and he too had to be restrained.

22. During this incident there were several staff members assisting to restrain the patient including Sky Drake, a woman of European ancestry who is under the age of 40.

23. However, Brackett was the only person written up and terminated under the pretext that the patient was improperly restrained.

24. There were four staff members involved.

25. All the other staff members were white.

26. All the other staff members were women.

27. All the other staff members were under the age of forty.

28. An investigation of the incident occurred and upon information and belief the other parties involved advised that Brackett did nothing wrong.

29. However, the Defendant stated that based on video evidence, that Brackett was not provided, he had behaved incorrectly.

30. Upon information and belief, Megan Sanders, the nurse of European ancestry who Brackett previously complained about was the person who submitted the complaint.

31. Sanders was not present during the incident.

32. The Defendant terminated Plaintiff's employment on or about January 4, 2019.

## COUNT ONE ADEA -TERMINATION

33. Plaintiff reincorporates by reference and realleges each of the preceding paragraphs as if set out herein.

34. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

35. Defendant hired Plaintiff on or about October 1, 2017.

36. The Defendant terminated the Plaintiff's employment on or about January 4, 2019.

37. When Defendant terminated his employment, Plaintiff was over forty (40) years of age and substantially older than Sky Drake.

38. Plaintiff did not engage in an improper restraint procedure.

39. Sky Drake engaged in the same or similar conduct but remained employed.

40. Other employees who are under the age of the of 40 have participated in restraints and not been terminated.

41. Defendant's actions in terminating Plaintiff's employment, while retaining employees under age 40, violated the ADEA.

42. Defendant's actions in terminating Plaintiff's employment, while retaining substantially younger employees, violated the ADEA.

43. Because of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT TWO ADEA RETALIATION

44. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

45. Plaintiff was qualified for his position and able to perform the essential functions of the job.

46. On or about December 20, 2018, Plaintiff engaged in protected activity, when he reported discrimination based on age.

47. On or about January 4, 2019, the defendant terminated Plaintiff's employment.

48. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Mental Health Tech.

49. Defendant violated the ADEA by terminating Plaintiff for engaging in protected activity.

50. Because of Defendant's violation of the ADEA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT THREE TITLE VII - RACE DISCHARGE

51. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

52. Plaintiff is a person of African European ancestry.

53. Plaintiff was qualified for the Mental Health Tech position.

54. Defendant's employee, Jacob Harper, terminated Plaintiff's employment on or about January 4, 2019.

55. A female nurse engaged in the same or similar conduct but remained employed.

56. Said female nurse is a person of European ancestry.

57. Defendant's actions in terminating Plaintiff's employment violated Title VII.

58. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

59. Defendant did not terminate the female nurse for the same or similar conduct.

60. Defendant's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

61. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

62. Defendant's actions in terminating Plaintiff while retaining employees of European ancestry involved in the same restraint violated Title VII.

**COUNT FOUR 42 U. S. C. § 1981 DISCHARGE**

63. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

64. Plaintiff is a person of European ancestry.

65. Plaintiff was qualified for the position of Mental Health Tech .

66. On or about January 4, 2019, Defendant terminated Plaintiff's employment, for an allegedly improper restraint.

67. Defendant did not terminate the employment of Plaintiff's co-workers who engaged in the same conduct.

68. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

69. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

70. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of his race in violation of 42 U. S. C. § 1981.

## COUNT FIVE TITLE VII RETALIATION

71. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

72. Plaintiff was qualified for his position and able to perform the essential functions of the job.

73. On or about December 20, 2018, Plaintiff engaged in protected activity, when he reported discrimination based on race and sex.

74. On or about January 4, 2019, Defendant terminated Plaintiff's employment, for an allegedly improper restraint.

75. Defendant did not terminate the employment of Plaintiff's co-workers who engaged in the same conduct but had not complained of racial discrimination.

76. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Mental Health Tech.

77. Defendant violated the Title VII by terminating Plaintiff for engaging in protected activity.

78. Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT SIX 42 U. S. C. § 1981 RETALIATION

79. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

80. Plaintiff was qualified for his position and able to perform the essential functions of the job.

81. On or about December 20, 2018, Plaintiff engaged in protected activity, when he reported discrimination based on race.

82. On or about January 4, 2019, Defendant terminated Plaintiff's employment, for an allegedly improper restraint.

83. Defendant did not terminate the employment of Plaintiff's co-workers who engaged in the same conduct but had not complained of racial discrimination.

84. Plaintiff's protected activity was a motivating factor in Defendant's decision not to retaine Plaintiff in his position as a Mental Health Tech.

85. Defendant violated the 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part for engaging in protected activity.

86. Because of Defendant's violation of the 42 U. S. C. § 1981, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT SEVEN TITLE VII – SEX- DISCHARGE

87. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

88. Plaintiff is a woman.

89. Plaintiff was qualified for the Mental Health Tech position.

90. Defendant's employee, Jacob Harper, terminated Plaintiff's employment on or about January 4, 2019.

91. Sky Drake engaged in the same or similar conduct but remained employed.

92. Sky Drake is a woman.

93. Defendant's actions in terminating Plaintiff's employment violated Title VII.

94. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

95. Defendant's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

96. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

## COUNT EIGHT TITLE VII - RETALIATION

97. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

98. Plaintiff was qualified for his position and able to perform the essential functions of the job.

99. On or about December 20, 2018, Plaintiff engaged in protected activity, when he reported discrimination based on sex.

100. On or about January 4, 2019, Defendant terminated Plaintiff's employment, for an allegedly improper restraint.

101. Defendant did not terminate the employment of Plaintiff's co-workers who engaged in the same conduct but had not complained of racial discrimination.

102. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Mental Health Tech.

103. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

104. Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT NINE TITLE VII RETALIATION

105. The Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

106. Plaintiff was qualified for his position and able to perform the essential functions of the job.

107. On or about December 20, 2018, Plaintiff engaged in protected activity, when he reported discrimination based on national origin.

108. On or about January 4, 2019, Defendant terminated Plaintiff's employment, for an allegedly improper restraint.

109. Defendant did not terminate the employment of Plaintiff's co-workers who engaged in the same conduct but had not complained of racial discrimination.

110. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Mental Health Tech.

111. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

112. Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

C. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

D. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

E. Award him back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

F. Attorneys' fees and costs;

G. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

H. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

*Kira Fonteneau (FON007)*

**OF COUNSEL:**

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**The Children's Hospital of Alabama**
**1600 Seventh Ave South**
**Birmingham, AL 35233**

**Wm M. Warren, Jr**
**1600 Seventh AVE South**
**Birmingham, AL 35233**